CLICK VS M'AFEE.

1. Under the statute of eighteen hundred and eleven, (Aik. Dig. 283, s. 137,) every writing which is the foundation of an action, is evidence of the debt or duty for which it was given, and the writing is also *prima facie* evidence of consideration until that fact is disputed by the pleadings, or contradicted by proof.   Therefore,

2. No consideration, in such action, need be averred in the declaration, or proved on the trial of the case.

3. A promise to be binding under the statute of frauds must not only be in writing, but like every other promise, must be sustained by a consideration.   The statute of eighteen hundred and eleven does not interfere with this principle,—the only effect of it is to make the writing evidence of the consideration, until such consideration be put in issue by the pleadings, or contradicted by proof.

4. Where one executes his note in writing, promising thereby to pay a sum of money, *for that amount due the payee by R T,* the language employed clearly indicates that the credit of the drawer was substituted for that of *R T,* and that a demand against the latter to that amount was extinguished—which consideration relieves the promise from the influence of the statute of frauds.

Error to the Circuit court of Talladega county.

Assumpsit on note.  The plaintiff below, declared against defendant, for that on the tenth day of February previous, in the county aforesaid, said defendant made his promissory note in writing, bearing date the day and year last aforesaid, and thereby then and there promised to pay, one day after the date of said promissory note, to the order of said plaintiff, a certain sum mentioned,

Click *vs.* McAfee.

for that amount due him by Richard Tarrant, which amount said defendant then and there, and thereby assumed to pay unto the said plaintiff for the said Tarrant, and then and there delivered said promissory note, his own proper name and hand writing thereunto signed, to said plaintiff: by means whereof, and by force of the statute in such case made and provided, the said defendant became liable to pay the said plaintiff the said sum of money in the said promissory note mentioned, according to the tenor and effect thereof, and being so liable, said defendant, in consideration thereof, afterwards, on the same day and year, in the county aforesaid, undertook, and faithfully promised said plaintiff to pay him the said sum of money in the said promissory note specified, according to the tenor and effect thereof. Yet the said defendant, to pay the said plaintiff the said sum of money in the declaration mentioned, or any part thereof, to the plaintiff, although often requested, had refused, and continued to refuse.

To this declaration there was a demurrer, which being overruled, defendant had leave to plead over, who filed forthwith, the four following pleas:

1. Non assumpsit.
2. The statute of frauds.
3. No consideration.
4. Failure of consideration.

To these several pleas, there were replications and issues to the country, and a verdict for the plaintiff.

The bill of exceptions stated, that after plaintiff had proved his note, defendant asked the court to instruct the jury, that in the absence of any other evidence than the

note, they ought to find for the defendant, which the court refused, but charged that on the evidence, the plaintiff was entitled to recover : to which defendant excepted, &c.

Plaintiff in error, at the present term, submitted —

1. That the court below erred in overruling the demurrer to the declaration ;

2. In refusing to charge the jury as requested, and in the charge given to the jury as set forth in the bill.

*Peck,* for the plaintiff in error.
*Brown,* contra.

ORMOND, J.—Two questions arise in this case—

1st. Is this the case of a promise to pay the debt of another, within the statute of frauds?

2d. Was it the duty of the plaintiff below to have averred and proved the consideration of the promise, to entitle him to a recovery ?

That the promise made in this case, was the promise to pay the debt of another, cannot be questioned. If it were the purchase by the plaintiff in error, of the defendant in error, of a debt of Tarrant, it is not easily conceived why there should have been any necessity for the introduction of Tarrant's name into the contract; nor is the other supposition made by the counsel for the defendant in error, that the creation of the debt from Tarrant to the defendant in error, and the promise by the plaintiff to pay the debt, were simultaneous acts, more plausible. The language evidently imports a past consideration on the part of Tarrant, which would

Click *vs.* McAfee.

bring the case within the influence of the statute of frauds.

If the language of the promise were at all doubtful, the averment in the declaration sets the matter at rest; as it is there alleged that " the defendant then and there promised to pay the said sum of money, *for* the said Tarrant."

But although the promise is within the statute of frauds, it is well settled, in this State, that under our statute passed in eighteen hundred and eleven, making every writing, which is the foundation of an action, evidence of the debt or duty for which it was given, no consideration need be averred in the declaration. The writing is *prima facie* evidence of a consideration, until that fact is disputed by the pleadings, or contradicted by proof. In this case, the objection was, on demurrer, that no consideration was averred—and on the trial, that none was proved. Neither objection was valid. This was expressly decided in the case of Philips vs Scoggins, (1 S't & Por. 28,) and again in the case of Chamberlayne vs Darrington, decided twelve months since—(4 Porter, 515.)

A promise, to be binding, under the statute of frauds, must not only be in writing, but like every other promise, must be sustained by a consideration; nor did the act referred to, design to interfere with this principle. Its only effect is to make the writing evidence of the consideration, until the *consideration* is put in issue by the pleadings, or contradicted by proof.

There is no error in the record, and the judgment of the court below must be affirmed.

7 P.                              9

Click *vs.* McAfee.

COLLIER, C. J.—The note in this case, not only does not show a want of consideration, but discloses a sufficient consideration on its face. It contains a promise to pay to the defendant in error, "six hundred and forty-seven 75-100 dollars, for this amount due him by Richard Tarrant." True, this is an undertaking to pay the debt of Tarrant, but the language employed *clearly indicates* that the credit of the plaintiff was substituted for that of Tarrant, and that the demand against the latter, to that amount, was extinguished. This view, apart from what Judge Ormond has stated, (which is entirely satisfactory,) would relieve the case from the influence of the statute of frauds.