# WILSON v. JONES.

1. A promise to pay a sum of money in Alabama bank or branch notes, is a promise to pay in notes of the Bank of the State of Alabama or its branches, and it is proper for a Court to charge a jury that such is the proper construction, without evidence of the meaning of the terms used.

Writ of Error to the Circuit Court of Lawrence.

Assumpsit by Jones against Wilson, to recover a sum of money upon a note promising to pay three thousand five hundred and sixty dollars and fifteen cents, for value received, payable in Alabama Bank or Branch notes. At the trial, after giving the note in evidence to the jury, the plaintiff offered a witness to prove the value of the bank notes of the Bank of the State of Alabama and its Branches, at the time when the note sued on fell due. This evidence was allowed against the objection of the defendant.

The Court instructed the jury, that the proper construction of

Wilson v. Jones.

the note was, that the defendant had promised to pay in the bank notes of the Bank of the State of Alabama or its Branches ; and if the evidence was believed the jury ought to find for the plaintiff in damages the amount of the value of the sum named in the note, according to the proof.

The defendant excepted to the evidence admitted, and to the charge. Both points are now assigned as error.

L. P. WALKER for the plaintiff in error insisted,

1. That the allegation and proof must agree. The evidence offered was inadmissible; 1, because it tended to establish a contract variant from that declared on—[8 Porter, 70 ; Ib. 315; Cowen & Hill's notes, 428, 429,]—2, because there is no accordant averment in the declaration that by the promise made, the defendant became thus liable.

2. The Court was bound to know judicially that there was no such Bank as the Alabama Bank, and therefore should have pronounced the contract void. [2 Story's Eq. 537.]

3. There was no ambiguity on the face of the note, and the Court could not therefore construe it. [Greenl. Ev. 340 to 342 ; 2 Step. N. P. 1544.]

4. The question here is not abstractedly what is the meaning of the promisor, but what is his meaning by the words used, [Comstock v. Van Duson, 5 Pick. 166,] and the *words used* import no ambiguity ; there was nothing for the Court to construe.

WM. COOPER, contra, cited Lewis v. Few, 5 Johns. 1 ; Ward v. Bilkley, 13 Ib. 486 ; Evans v. Steel, 2 Ala. Rep. 114.

GOLDTHWAITE, J.—We think the charge to the jury upon the meaning to be attached to the words " Alabama Bank or Branch Bank notes," was entirely correct. It is scarcely possible for Courts of justice to be ignorant of that which every one besides would be presumed to know. In the present case, no evidence could make the intention of the contract more clear than it is expressed. In common parlance, the Bank of the State of Alabama is frequently termed the State Bank—the Alabama Bank—the Bank of Alabama ; and the promise to pay a sum of money in Alabama Bank or Branch notes, has no other meaning

than that which the Court below gave it. The cases cited by the plaintiff's counsel are quite decisive to shew the correctness of the charge. Judgment affirmed.