## THOMPSON vs. HALL.

1. The first section of the Statute of Frauds (Clay's Dig. 254) does not require that a written undertaking to pay the debt of another should state the consideration of the promise.

2. Every writing, which is the foundation of an action, being made by the statute of 1811 (Clay's Dig. 340, § 152) "evidence of the debt or duty for which it was given," it is not necessary, in declaring on a promissory note, to allege the consideration. The fact that the note appears on its face to have been given for the debt of another cannot affect the principle.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

This was an action of assumpsit by plaintiff against the defendant in error. The declaration is as follows: "For that whereas said defendant heretofore, to-wit, on the twenty-second day of March, A. D. 1842, at Mobile, to-wit, in the county aforesaid, made his certain promissory note in writing, by which said note, defendant promised to pay the plaintiff the sum of five hundred dollars, the amount of plaintiff's account for professional services rendered the heirs of William E. Kennedy, when the estate of the said William should be in funds, and the plaintiff avers," &c. To this declaration the defendant demurred, and the court sustained the demurrer. The judgment of the court is now assigned as error.

Lockwood, for plaintiff in error:

The demurrer to the plaintiff's declaration should have been overruled. It is not essential in this State, that the writing promising to pay the debt of a third party should contain the consideration of the promise. The language of the statute of Frauds in this State is different from that of Charles II., and hence it is construed differently. The statute of this State contains the word "promise," which is not embraced in the English statute. Violet v. Patton, 5th Cranch, 151; Pierce v. Wren et al., 4 Smead & M. 97; Taylor v. Williams & Ross, 3 Yerger, 330; Clay's Dig. 254; Sage v. Wilcox, 6 Conn. 81; 17 Mass. 121; Pract. Abridg. vol. 5, 505; 1 Kinncy's Law Comp. 243-4.

Our statute seems to have the object distinctly in view, to place all written instruments upon the same footing, and to cast on the defendant the *onus* of showing there was either an illegal or no consideration in all cases where the action in its form was founded on the writing.   Chamberlain v. Darrington, 4 Porter, 525-6-7; Clay's Dig. 340; Allen v. Dickinson, Minor's Rep. 120; Philips v. Scoggins, 1 S. & P. 28; Click v. McAfee, 7 Porter, 62; Young v. Foster, 7 Porter, 420; Holman's Heirs v. Bank of Norfolk, 12 Ala. 413.

The instrument, the foundation of the action, imports a consideration for the promise.   Click v. McAfee, 7 Porter, 62.— Whether the instrument declared on contains a consideration or not, it is not necessary to be averred in the declaration. The construction of the statute of 1811 makes it incumbent on the defendant, if there is no consideration, or if the consideration is illegal, to plead it, and such defences cannot be reached by demurrer.

Hopkins, for defendant:

As the note is a promise to pay the debt of others, it was not binding at common law without a sufficient consideration; a consideration is as necessary since the statute of Frauds as it was before, and it is necessary also since that statute, that a sufficient consideration should be alleged in the declaration. 1 Wms. Saund. 267, 268, and note 2; 6 Ala. 415, 416; Hester v. Wesson, 7 Term Rep. 350, note; 39 Com. Law Rep. 137, 183.

The consideration of the promise must appear upon the written instrument itself, and cannot be proved by verbal evidence.   56 Law Lib. 36-37-38; 1 Wms. Saund. 268, note 2; 6 Com. Law Rep. 531-532-533-534; 39 Com Law R. 137-144.

The statute of 1811, which makes the instrument declared upon the evidence of the debt or duty, was not intended to defeat the object of the statute of Frauds, and therefore does not authorise a written promise to be evidence of a sufficient consideration when the written promise itself contains no express statement of a consideration in favor of the defendant who had promised to pay the debt of another. 6 Com. Law R. 533; 11 Com. Law Rep. 56.

Regardless of the question whether the consideration must

appear from the written promise, the demurrer was properly sustained to the declaration in this case. The written instrument, upon which the suit is founded, contains the promise of the defendant *to pay $500, the amount of the account of the plaintiff for professional services rendered the heirs of Wm. E. Kennedy,* when the estate of the said William might be in funds. This is the substance of the note, as set out in the declaration. Every material part of the note ought to appear in the declaration, and the declaration must be considered in this case as if every such part were set out in the declaration. The declaration describes a note in which the defendant expressly promised without consideration to pay the debt of others.— The note proves the defendant promised to pay the debt of third persons, and as the note is evidence of the whole contract, it is proof also that he promised without consideration to pay it, as no consideration appears in the note. There is therefore no cause of action contained in the declaration. If a note or bond contained a promise to pay $1000 with interest from date at the rate of 20 per cent. per annum, while usury made the whole contract void, or if it were stated in a note that the amount thereof was for money lost at gaming, and the instrument was thus set out in the declaration, a demurrer, if taken, would be sustained to it, because it would contain no cause of action. 14 Ala. Rep. 23, 26, Renfro v. Heard; 13 Ala. Rep. 21, Tenison v. Martin.

A rule of the common law prevents a party from showing by verbal evidence that the contract is different from the written one on which he has declared, and limits the cause of action to the written contract set out in the declaration. As the promise of the defendant is in writing, which contains the whole contract, verbal evidence would not be competent to prove a consideration to the defendant, and thus add a term to the contract which the written one does not contain. 6 Com. Law Rep. 534; 11 Com. Law Rep. 56.

As the declaration is upon a written promise to pay the debt of others, and shows no consideration to the defendant, and such a consideration could not be proved by verbal evidence without altering the written contract by parol proof, the declaration contains no cause of action and shows there is none. 6 Com. Law Rep. 531. See the written contract to

pay without consideration the debt of another, set up in the replication to the plea—6 Com. Law Rep. 532, 533, 534; 11 Com. Law Rep. 56; 39 Com. Law Rep. 137, 138; 3 Stew. and Por. 271: 2 Ala. Rep. 283; 8 Ala. Rep. 247, Tankersley v. Graham.

It does not appear from the record that the defendant is one of the heirs of Wm. E. Kennedy. The fact is, he is not one of the heirs. The written contract allows no indulgence to the heirs. The plaintiff might have sued the heirs for his account immediately after the promise of Hall was made. If Hall were one of the heirs, the promise would be to pay the debt of several persons, and therefore of others. If an executor who is the sole heir and distributee of his testator, promise in writing to pay a debt of his testator without consideration, the promise is void, because it is to pay a debt of another without consideration. 7 Term R. 350, note; 6 Ala. Rep. 415, 416. The promise to pay when the estate of Kennedy might be in funds, shows Hall had the control of that estate, and must have been the personal representative of Kennedy. The promise therefore is the promise of the representative to pay the debt of the heirs.

COLLIER, C. J.—It is provided by the statute of Frauds, that "No action shall be brought whereby to charge any executor or administrator, upon any special promise, to answer any debt or damage out of his own estate; or whereby to charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person," &c., "unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorised."— Clay's Dig. 254, § 1. In Violett v. Patton, 5 Cranch, 142, it was insisted that a written undertaking to pay the debt of another must state the consideration as well as the promise, according to the decision of Wain v. Warlters, 5 East. Rep. 10; but Chief Justice Marshall said, "the first section of the act of Virginia" (under which the question arose) "differs from the 4th section of the statute of Charles II. in one essential respect. The statute of England enacts, that no action shall be brought.

in the cases specified, "unless the *agreement* on which such action shall be brought, or some memorandum or note thereof, shall be in writing," &c. The Virginia act enacts that no action shall be brought in the specified cases, unless the *promise* or agreement on which such action shall be brought, or some memorandum or note thereof, shall be in writing," &c. The reasoning of the judges, in the cases in which they have decided that the consideration ought to be in writing, turns upon the word *agreement*, of which the consideration forms an integral part. This reasoning does not apply to the act of Virginia, in which the word *promise* is introduced. Our statute in this respect is a transcript of that of Virginia, and if Wain v. Warlters is a correct exposition of the act of Parliament, it is not in point in the case before us. So in Massachusetts it has been held, that a promise to pay the debt of another, made in writing and signed by the party intended to be bound, is a sufficient compliance with the statute of Frauds; that although the consideration is not stated, it may be proved by evidence *aliunde*. Lent v. Padelford, 10 Mass. Rep. 230; Packard v. Richardson, 17 Mass. Rep. 122. Such is also the settled interpretation of the act in some of the other States; and we are not aware that the opposite doctrine is maintained in any of them, unless it be under the influence of a statute similar to that of Charles II. Fyler v. Givens, Riley's Rep. 56, and 3 Hill's Rep. (S. C.) 48; Woodward v. Pickett, Dudley's Rep. 30; Wren v. Pearce, 4 S. & Marsh. Rep. 91; Gilman v. Kibler, 5 Hump. Rep. 19. To these citations we might add others to which we have been referred by the counsel for the plaintiff in error; but the decisions are too uniform to make it necessary to amplify the point.

In our courts of original jurisdiction, the case of Violett v. Patton has been considered as founded upon correct reasoning, and strictly applicable to our statute. We think it has been too generally followed and acquiesced in by the bar and the bench to be now disregarded, and the English decision substituted. Under the influence of this opinion, we are constrained to conclude that the writing declared on is a sufficient promise to charge the defendant, if it is sustained by an adequate consideration; consequently the case made by the declaration, is not obnoxious to the statute of frauds.

We now propose to consider whether the note imports a consideration, and whether the *onus* of sustaining, or assailing it, rests primarily upon the plaintiff or defendant. It is enacted by a statute passed in 1811, "whenever suit shall be commenced in any of the courts, founded on any writing, whether the same be under seal or not, the court before whom the same is depending, shall receive such writing as evidence of the debt or duty for which it was given," &c. Clay's Dig. 340 § 152. In Click v. McAfee, 7 Port. 62, the plaintiff declared on a promisory note by which the defendant promised to pay him "six hundred and forty dollars and seventy-five cents for this amount due him by Richard Tarrant." It was held, that this was a promise to pay the debt of another person, and if it had not been in writing, would be within the statute of frauds; yet as the act of 1811, had made every writing which is the foundation of an action, evidence of the debt or duty for which it was given, it was not necessary to allege the consideration in the declaration; that it devolved upon the defendant to put it in issue and controvert it by proof: *Further*, that a written promise to pay the debt of another was not validated by the statute of frauds, unless it was sustained by a consideration: that it was not intended by that enactment to make a mere *nudum pactum* an operative security. So in Nesbit v. Bradford, 6 Ala. Rep. 746, the action was founded on a guaranty endorsed on a bill single in the following words, "I bind myself to pay this note, if T. L. M., (the maker) does not:" Held, that the guaranty was a promise in writing, and as such, imports a consideration, and that in declaring on such a writing it is only necessary to set out the bill single with respect to which it was made, the guaranty according to its terms, or its legal effect, the facts from which diligence is to be infered, or the insolvency which renders diligence unnecessary, and a sufficient breach of the contract. In Miller & Cobb v. McIntyre 9 Ala. Rep. 638, the plaintiff declared upon the indorsement of a bill single made in another State; it was insisted that as the paper was not negotiable at common law, the declaration should have set out the consideration of the indorsement: Held, that the act cited, was an answer to the argument; that this act does not interfere with the rights of parties, but merely prescribes a rule of evidence which must be applied to all

writings upon which suits are brought in our courts, no matter where made. This statute has received a liberal construction, and been applied to writings which do not in terms express the contract of the parties, but make the liability of the promissor to depend upon the performance of conditions implied by law. Chamberlain v. Darrington, 4 Port. Rep. 515. These citations are directly in point, and very fully establish that a written promise to pay the debt of a third person may be declared on by the promissee without setting out the consideration which induced it; that if this was necessary at the common law, it is no longer so, since the passage of our statute, which makes the writing sued on, evidence of the _debt_ or _duty_. It cannot be assumed, because the writing states that the sum agreed to be paid, was for services rendered to, or a debt due by a third person, that the promise is gratuitous; in the absence of all extrinsic evidence we have seen that a consideration will be presumed in the same manner as if no reference was made to the pre-existing liability of another.

It must be observed that the statute of frauds does not declare a _promise_ or _agreement_ to answer for the _debt, default_ or _miscarriage_ of another illegal, but merely enacts that no action shall be brought thereon, unless such _promise_ or _agreement,_ or some memoradum or note thereof shall be in writing, &c. In the case at bar, there is a written promise, and thus far the statute is complied with; as for the consideration, it need not be stated in the writing, and where the writing is the foundation of the action it is not necessary to be alleged in the declaration. The existence of a consideration is not negatived or an insufficient, or illegal one shown as it respects the parties, by the recital that the undertaking is to pay for services rendered a third person, for it cannot be intended that the promise did not evidence the discharge of the primary debtor, or that the promissor has not received an equivalent for it.

It results from the view taken of this case, that the demurrer to the declaration was improperly sustained. The judgment of the Circuit Court is consequently reversed, and the cause remanded.

DARGAN, J, not sitting.