## WILLIAMS vs. SIMS.

1. When a note is given in payment of the debt of another, and a receipt for the payment of the debt taken in the name of the debtor, the payee cannot recover on the note against the maker, on proof of these facts only; the privity or assent of the debtor must also be shown.

2. A note payable "in solvent notes or accounts of other men," is not equivalent to a note payable in money; but is a contract to pay the sum expressed in the note, at or before maturity, dollar for dollar, "in solvent notes and accounts of other men," or, if paid after maturity, the value in money of that amount of such "solvent notes and accounts" at the time of the maturity of the note.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. B. W. HUNTINGTON.

Sims sued Williams before a justice of the peace, upon a written instrument, of which the following is a copy:

"Due on the first day of January, 1852, Thomas Sims, twenty-six dollars, to be paid in solvent notes and accounts of other men. November 13, 1851.

     (Signed)               JAMES O. WILLIAMS."

Plaintiff proved, that after the first of January, 1852, he demanded of defendant payment either in solvent notes and accounts on other men, or money, and here rested his cause.

Defendant proved, that he gave the note in suit to the plaintiff, in payment of a debt due from one Byrd Williams, his brother, to the plaintiff, and at the same time, and for the same object, transferred to him a note on one Ustick, and also sold and delivered him a horse. Upon this transaction, the said plaintiff executed and delivered to defendant, his receipt in favor of Byrd Williams for the amount of the debt the said Byrd owed him.

This was all the proof relating to the transaction.

The court charged the jury:

That if they believed from the evidence, that the consideration of the note sued on was the receipting of plaintiff's account against Byrd Williams, and the delivery of such receipt to the defedant, and no mistake or fraud was set up; and that plaintiff, after the first January, 1852, and before suit was commenced, demanded of the defendant solvent

notes or accounts on other persons, which defendant failed and refused to deliver, they must find a verdict for the plaintiff, for the amount of the note, with interest from the time of the demand, if they could fix that time, if not, from the commencement of the suit.

To this charge defendant excepted, and here assigns the same for error.

T. REAVIS, for plaintiff in error:

1. The decisions of this court have settled beyond controversy, that a promissory note given merely for the debt of another person, is without a sufficient consideration. Alsobrook v. Southerland, 2 Stew. & Port. 267; Click v. McAfee, 7 Port. 62; Hester v. Wesson, 6 Ala. 415; Thompson v. Hall, 16 ib. 204; Beall v. Ridgeway, 18 ib. 117. The delivery of a release of the debtor, to the person promising to pay the debt, is not a sufficient consideration for the promise, unless the debtor consent to the arrangement, or accept the release. A man can no more release a debt against another, without his consent, than he can make him his debtor without his consent. A release is, therefore, of no validity, until accepted by the releasee. Buck v. Sanders, 1 Dana 189; Logan v. Williamson, 3 Pike 216. The court's hypothesis was, therefore, false.

2. The application of the conclusion from the court's hypothesis to the evidence before the jury, was erroneous for the same reasons; and for the further reasons: 1. That a receipt is not a release. Teague v. Russell, 2 Stew. 420; Dillingham v. Estill, 3 Dana 21. 2. That a release or receipt may be avoided, as well by showing that it was given without any consideration, as that it was given under a mistake, or was obtained by fraud. Miller v. Hemler, 5 Watts & Serg. 486; Sigourney v. Sibley, 21 Pick. 101; Seymour v. Minturn, 17 Johns. 169; Jackson v. Stackhouse, 1 Cow. 122; Driver v. Hudspeth, 16 Ala. 348.

The note having been given for the receipt, and the receipt for the note, both are without sufficient consideration. The original debtor, therefore, remains liable. Alsobrook v. Southerland, 2 Stew. & Port. 267; Beall v. Ridgeway, 18 Ala. 117. So far as the question, whether the consideration

of the note sued upon in this case is sufficient, is concerned, the case of Beall v. Ridgeway, *supra*, seems to be conclusive that it is not. In that case, the note was given in settlement of the debt of another; in this, the note was given for the debt of another, and a receipt against the debt was given to the promisor. In neither case was it made to appear, that the debtor was privy to, or consented to the arrangement. Now, there can be no difference · between giving a note in consideration of a receipt for a debt, and giving one in settlement of the debt: and, if the consent of the debtor be a material fact, the burden of proving it was cast upon the plaintiff, when the note was shown to have been given for the debt of another. Alsobrook v. Southerland, 2 Stew. & Port. 270.

3. The charge in respect to the measure of damages, is erroneous, because it directs a verdict for the amount expressed in the note, with interest from the time a demand was made; whereas, the measure of damages is, the money value of "solvent notes and accounts on other men," at the time of default, and interest on that value. Young v. Scott, 5 Ala. 475; Jackson v. Waddill, 1 Stew. 579; Wallace v. Henry, 5 Pike 105; Deberry v. Darnell, 5 Yerg. 451; Smith v. Chapman, 6 Port. 365; Mims v. Parker, 1 Ala. Rep. 421; Blair v. Rhodes, 5 ib. 648.

A. A. COLEMAN, *contra:*

1. The receipting in full of accounts against a debtor, and the delivery of these receipts to a third person who holds them against the debtor, is a good consideration to support a note given by such third person to the creditor.

2. Giving to the defendant further time to pay the debt, is a good consideration. The papers in evidence disclose that further time was given to the defendant, to wit: from the time the note was made until the time the same became due, some ten months.

3. In the case of Thompson v. Hall, 16 Ala. 204, the court say the statute of frauds on this point has received a liberal construction. The peculiar phraseology of this whole opinion shows, that the court does not favor the avoidance of an honest discharge of an honest debt, where any good con-

sideration is shown, or where there has been a failure to show want of consideration, as is the case here.

4. The charge of the court as to the amount of damages, is strictly correct. A stipulation that a note may be discharged in specific articles is for the benefit of the maker, and cannot affect the payee's right to recover the amount of the note and interest, unless a discharge or offer to discharge, in the articles specified, is shown. 9 Por. 122; Plowman v. Riddle, 7 Ala. 775; Love v. Simmons, 10 ib. 113; and other similar cases mentioned in Reavis' Digest p. 166–7.

5. Appeals from magistrates are to be tried according to the justice and equity of the case. Clay's Dig. 315 § 12. The facts in this case show, that it is both just and equitable that the plaintiff recover. The object of this and similar statutes is to discourage petty litigation. The paltry sum involved, the expense and delay to which the plaintiff is subjected, and the character of the defence under the facts disclosed, mark this very plainly as a case of petty, vexatious litigation, which the statute designed to prevent.

PHELAN, J.—The charge of the court, by necessary implication, asserts the doctrine, that one man may make another his debtor without that other's consent.

If the giving of this note by James O. Williams to Sims, in payment of the debt of Byrd Williams, and the taking of the receipt from Sims in favor of Byrd Williams, which was not delivered to him nor taken with his consent, will render James O. Williams liable to Sims on this note, then it follows, as a necessary consequence, that James O. is allowed to make Byrd Williams his debtor, without the consent of the latter. If this note be recoverable by Sims, on this state of facts, from James O. Williams, then the same state of facts, and the payment of the note in addition; would enable him to recover the amount from Byrd Williams, in an action for money paid to his use. But on this supposition, the action for money paid to the use of another could be maintained, without either averring or proving that the money so paid, was paid at the request of the defendant in the action, which is contrary to well settled law. It follows, that the facts proven, without more, did not show such a considera-

tion as would support an action on this note. One other fact was indispensable to a recovery, and that was, the privity or consent of Byrd Williams to the transaction. The charge of the court, as it stands, is for this reason erroneous. See the case of Beall v. Ridgeway, 18 Ala. 117; 2 Saund. Pl. & Ev. 679.

The charge was erroneous in another particular: The court instructed the jury that, "if solvent notes or accounts on other persons" had been demanded at the proper time, and defendant failed or refused to deliver them, the plaintiff was entitled to recover "the amount of the note with interest," &c.

A note for a certain sum "to be paid" or payable—the terms are convertible—"in solvent notes and accounts of other men," is not equivalent to a note payable in money, as this charge supposes it to be. Nor do these words indicate, simply, that the maker has the right, as a condition inserted for his benefit, to pay at maturity or before the full sum expressed in the note in such "solvent notes and accounts" estimated in money. But the contract of the maker in such a note is, to pay the sum expressed in the note, dollar for dollar, in "solvent notes and accounts of other men," at or before maturity; or, the value in money of that amount of such "solvent notes and accounts" at the time of the maturity of the note, if paid after maturity. In an action on such a note, it is necessary to aver and prove, or in case of appeal to prove at least, the value in money of "solvent notes and accounts" of individuals at the time of the maturity of the note. The difference between the value of such notes and accounts and money—gold and silver coin—may not be very great; it may, in fact, be a mere trifle. Still, they are not money, nor equivalent to money, and therefore the charge of the court to the jury, under the proof, that they must find for the plaintiff the amount of the note, was erroneous. Wilson v. Jones, 8 Ala. 536.

The judgment below is reversed, and the cause remanded.