Moore v. Fleming.

---

## MOORE vs. FLEMING.

[ACTION FOR BREACH OF SPECIAL CONTRACT.]

1. *Construction of special contract.*—Under a written contract, by which defendant agreed to deliver to plaintiff two notes on third persons, or, in the event of his failure to do so, "*to make satisfaction within four weeks*," the alternative stipulation binds the defendant to make such compensation as the law appoints for his failure to deliver the notes.

2. *Measure of damages, and burden of proof.*—In an action for the breach of such a contract, the measure of damages is the value of the notes on the supposition that they were genuine; and the *onus* of proving their value is on the plaintiff.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by John Fleming, against Israel Moore, and was founded on the defendant's written contract, dated the 26th September, 1850, a copy of which is set out in the opinion of the court. The only plea was the general issue, with leave to give any special matter in evidence. On the trial, as appears from the bill of exceptions, the plaintiff proved the execution of the contract declared on, and then introduced one Wiley White as a witness, "who testified, that he knew Robert Smedley; that said Smedley, in the year 1851, had a horse, and made a crop on a piece of land on which he was living; but that he did not know to whom said land belonged, nor whether any money could have been made out of said Smedley." "The defendant then introduced a witness, and exhibited to him two notes corresponding with those described in the contract declared on; and said witness testified, that these notes were sent to him by the defendant in the fall of 1850, and were afterwards offered by him to the plaintiff, who refused to accept them."

"This being all the evidence, the court charged the jury, 'that if they believed the evidence, they must find for the plaintiff, for the amount of the notes mentioned in the instrument sued on, with interest from the time when they were to have been sent,or delivered to the plaintiff.' To this charge the defendant excepted, and then asked the court to instruct the jury, 'that if they believed all the evidence, they must find for the defendant'; also, 'that if they believed all the evidence, they could not find more than nominal damages for the plaintiff.' The court refused each of these charges, and the defendant excepted."

The errors now assigned are, the charge given by the court, and the refusal of the charges asked.

C. D. HUDSON, for the appellant.
RICHARDS & FALKNER, contra.

A. J. WALKER, C. J.—The contract upon which this suit is predicated is in the following words: "I promise to send John Fleming two notes of hand, one on Robert Smedley for $25, and one on Wiley E. Reaves for $35, or make satisfaction, if I fail, within four weeks." This is not a contract to pay so much money, to be discharged, or which may be discharged, with some specified article; nor is it a contract to pay some particular chattel or so much money. Such contracts are regarded as providing an alternative privilege for the promisor to pay in the specified article; and if he does not avail himself of that privilege, his obligation to pay in money becomes absolute.—Wolfe v. Parham, 18 Ala. 441; Love v. Simmons, 10 *ib.* 113; Plowman v. Riddle, 7 *ib.* 775. The contract was to deliver two specified notes, and to make satisfaction, in the event of his failure to do so, in four weeks. We construe this contract to mean, that the defendant should make such "satisfaction," or compensation, as the law appoints for his failure to deliver the two notes. The contract would have been substantially the same, if it had been simply a promise to send or deliver the two notes in four weeks. The measure of damages, or "satisfaction," due for the breach of such a contract, was obviously the value of the two designated notes. It could not be the amount mentioned in the face of these notes, without regard to their value; for this court has decided, that even a promise to pay in solvent notes to a certain amount is not equivalent to a promise to pay so much in dollars. Williams v. Sims, 22 Ala. 512. The same decision has been made in reference to promises to pay in bank-notes. Jolly v. Walker, 26 Ala. 690; Wilson v. Jones, 8 *ib.* 536; Carter v. Penn, 4 *ib.* 140. Upon a failure on the part of the defendant to deliver the notes, looking at the contract alone, we decide, that the plaintiff had a right to recover their value, upon the supposition that they were genuine; and the *onus* of proof as to their value was upon him, because that was as essential an ingredient of his case, as

though the promise had been to deliver any other chattel.

The plaintiff introduced some proof, touching the question of the value of one of the notes; and the court was, therefore, correct in refusing to charge the jury, at the defendant's instance, that the plaintiff could not recover more than nominal damages. It is equally clear that the court erred, in charging the jury that, if they believed the evidence, they must find for the plaintiff the amount of the two notes, with interest. Although there was some testimony as to the value of one of the notes, yet it was not such as to authorize the court to assume its sufficiency to justify the finding for the plaintiff, even of the amount of that note, much less of both the notes. The charge, that the jury, upon the evidence, should find the amount of both the notes with interest, could not be correct, unless the testimony was such as to show conclusively that the notes were of value equal to the number of dollars mentioned in them.

The judgment of the court below is reversed, and the cause remanded.