# Underwood *v.* Lovelace.

*Action on Promissory Note.*

1. *Promise to pay debt of another; when will not support action.*—A promise to pay the debt of another will not support an action, unless founded on a precedent liability or a new consideration.

2. *Same.*—Where, however, by the arrangement between the creditor and the promissor, the original debtor is discharged, and a new debt is created binding on the promissor alone, the promise, whether verbal or written, is supported by a valuable consideration—the detriment to the promissee in the extinguishment of the original debt—and will support an action, though no consideration moved from the original debtor to the promissor, and though there was no request from the original debtor, or subsequent assent on his part. (*Overruling, on last point, Williams v. Sims*, 22 Ala. 512).

APPEAL from Dallas Circuit Court.

Tried before Hon. M. J. SAFFOLD.

Lovelace brought suit against Underwood on several promissory notes which the latter had executed to him. Pleas: want of consideration, and that the notes were given for the debt of a third person, one Butler, without any consideration therefor, on the request of plaintiff. There was a jury trial, and verdict and judgment for the plaintiff.

The evidence shows that before the breaking out of the late war, one F. G. Butler, a nephew of defendant, was employed by plaintiff, and owed him, and the firm of which plaintiff was a member, several hundred dollars. Butler vol-

[Underwood v. Lovelace.]

unteered in the service of the Confederate States. Before he left, plaintiff suggested that he ought to make some arrangement to pay his debts, and Butler replied he would request his uncle to pay them for him, as he was satisfied he would do so. After this Butler contracted other indebtedness with plaintiff. There was evidence that defendant was much attached to Butler, and said he "intended to make him and two other persons his heirs." After Butler's death, some time in 1863 or 1864, Lovelace presented the account to Underwood, who paid two hundred dollars on it, and executed the notes sued on, for the remainder of the account. Lovelace credited the account with the cash payment and the notes, and left it with Underwood.

Underwood testified that he executed the notes because " Lovelace worked upon his sympathies ;" that the accounts were not transferred to him, but he took them, as he informed Lovelace, merely to deliver them to Butler's mother ; that he never authorized Butler to contract any debts on his (Underwood's) account; that he never owed Butler or Lovelace anything, and never expected to realize one cent on the accounts ; and that he never received any request from Butler to pay his debts, and had not seen him in two years before his death.

The court charged the jury, " if they believed from the evidence, that before the death of Butler, there was an agreement or understanding between Butler and plaintiff and defendant, that defendant would pay what Butler owed, and that after Butler's death the notes sued on were given by Underwood in pursuance of such understanding, the plaintiff was entitled to recover to the extent Butler then owed." The defendant excepted to this charge, and requested the court to charge the jury in substance as follows :

" 1. Though Butler may have made such request, yet if he died before the notes were executed, his death revoked the request, and would not make his personal representative responsible to defendant, and unless Butler's representative is responsible to him, plaintiff can not recover.

" 2. If the jury believe the evidence, they should find for defendant."

The charges were refused and defendant separately excepted.

The charge given and the refusal to charge as requested, are the principal errors relied on here.

JOHN WHITE, for appellant.—One man can not make an-

[Underwood v. Lovelace.]

other his debtor without his consent and request, and if he pay the debt without such request he can not recover of the debtor. Such a promise is without consideration.— *Williams v. Sims,* 22 Ala. 572; 7 Ala. 791; 18 Ala. 117; 2 Stewart & Porter, 267.

A proposition made by one person to another may be revoked before it is acted on. Butler's death revoked the request.—8 Wheaton, 184; *Scruggs v. Driver,* 31 Ala. 274. A payment made in pursuance of Butler's request, if he had made one, after his death was known, would not give Underwood any cause of action against Butler's estate.

JOHNSTON & NELSON, *contra.*

BRICKELL, C. J.—A promise, verbal or written, to pay the debt of another, if not founded on a precedent liability, or a new consideration, will not support an action.—*Hester v. Wesson,* 6 Ala. 415; *Beall v. Ridgway,* 18 Ala. 117; *Rutledge v. Townsend,* 38 Ala. 712; *Watson v. Reynolds,* 54 Ala. 191. But if by the arrangement between the parties, the original debtor is discharged, and a new debt is created binding alone on the promissor, the promise whether verbal or written, is supported by a valuable consideration, and will be enforced.—Brown on Statute of Frauds, § 193; 2 Am. Lead. Cases, 205; *Corbett v. Cochran,* 3 Hill (S. C.) 41; *Anderson v. Davis,* 9 Verm. 136; *Leonard v. Vradenburgh,* 8 Johns. 29; *Click v. McAfee,* 7 Port. 62; *Thompson v. Hall,* 16 Ala. 204; *Murrah v. Br. Bnk. Decatur,* 20 Ala. 392. Nor is it necessary that there should be any consideration moving between the promissor and the original debtor.—*Minet, Ex parte,* 14 Vesey, 189. It is enough that the creditor sustains the detriment, which follows from the extinguishment of his demand against the original debtor. A different doctrine is asserted in *Williams v. Sims,* 22 Ala. 512. The privity or assent of the original debtor so that he would become liable to the promissor, it was held, was necessary to furnish a legal consideration for the promise. A debt may be paid by a stranger, or by the debtor, and as between the debtor and the creditor, the demand is extinguished by the payment, no matter from whom it proceeds. As between the debtor and the person paying, questions may arise, whether the payment was purely voluntary or not, and these may depend on the fact of previous request, or subsequent assent.—*Harrison v. Hicks,* 1 Port. 423. Such questions are not material as between the promissor and the creditor. If the debt is

extinguished—if the creditor parts with and loses the right to proceed against, and enforce the liability of the original debtor, the detriment he sustains is a sufficient consideration for the promise, though as between the original debtor and the promissor, the promise is voluntary and gratuitous. *Corbett v. Cochran, supra.* A creditor may accept of whatsoever he will in satisfaction of a debt. He may take the promissory note of the debtor; or he may accept the promise of a stranger, verbal or written, without inquiring into the motives or consideration which induce him to the promise. Whether these are motives of generosity, or of kindness to the debtor, which would support a gift to him of the debt, or whether the promissor is moved by his request, can not affect his liability. The pre-existing debt, of legal obligation on the original debtor, extinguished as to the creditor, is a valuable consideration which will support the promise. We think the case of *Williams v. Sims,* is erroneous on this point, and inconsistent with other decisions of this court, and must be overruled.

There was evidence showing that the purpose of the appellant was to pay the debt of Butler, and that the money paid by him when he executed the notes, and the notes, were accepted by the appellees as a payment of the debt, and not as a security for it. The exceptions reserved, are all founded on the hypothesis, that the notes were without consideration, unless the payment was in consequence of a previous request from, or the subsequent assent of Butler; such request or assent not being necessary, the exceptions can not be sustained.

The judgment is affirmed.