REID *vs.* BRASHER, et al.

1. In all cases where a suit is dismissed, on motion, for an alleged want of security for costs, the reasons for granting the motion, should appear of record, that it may be seen that the case is within the provisions of the statute.

2. *It appears*, that it is within the legitimate powers of a court, to require additional security for costs in all cases, where security can be required in the first instance.

Error to the Circuit court of Shelby county.

The writ of error, in this case, was brought to reverse an order dismissing the suit of plaintiff below, for failing to comply with a previous order of court, requiring additional security for costs.

An action of debt was brought on a bond given by defendants, conditioned, in the event of a certain contingency, to pay a sum of money to plaintiff, and security for costs given. During the pendency of the suit, an order was obtained, that additional security for costs should be given by plaintiff, or his suit be dismissed, and at a subsequent term, the additional security not having been given, the suit was accordingly dismissed.

The bill of exceptions stated, that on the case being called for trial, defendants produced the following order, made at the previous term, to wit:

"James B. Reid,

        vs.

"Thomas H. Brasher, et al.

"Spring term, 1837. Ordered by the court, on motion

Reid *vs.* Brasher, et al.

of the defendants, that additional security for the costs of this suit, be given by the first day of the next term of this court, or this suit be dismissed."

And it appearing to the court, now here, that no additional security for costs had been given, the defendants moved the court to dismiss the case. Plaintiff objected to the dismissal of the case, and offered to shew, that the securities for costs, heretofore given in the case, were, the one a resident citizen of Shelby county, and the other a citizen of the county of Talladega, and were so at the last term of the court. The objection was overruled, and the cause dismissed, on the ground that the court was of opinion, that it could not reverse the order made at the last term, or refuse to carry it into execution,—to which plaintiff excepted, &c.

Plaintiff in error assigned, that the court below erred in sustaining the motion of defendants, to dismiss the suit for the want of additional security for costs, and dismissing the suit as stated in the bill of exceptions.

*Peck*, for plaintiff in error. The only power which the courts have to require security for costs, (except when bail is required,) is given by the act of eighteen hundred and seven—(Aik. Dig. 262.) When security has once been given under the act, the party has no right afterwards to ask, nor the court power to require, new or additional security to be given.

Again—Security for costs, is in the nature of bail. To the sufficiency of such security, a party may perhaps except, and require the security to justify—but this could only be done at the first court. If not done then, the party would be considered as accepting the security,

7 P.                    57

Reid *vs.* Brasher, et al.

and could not afterwards be allowed to object. See the rule relating to bail—(Aik. Dig. 51.)

GOLDTHWAITE, J.—When the writ in this suit was issued, security for the costs appears to have been given, and as this is necessary 'in no case where bail is not required of the defendant, we infer that the plaintiff was a non-resident. At a subsequent term, an order was made for the plaintiff to give additional security for costs, by the first day of the next term, or the suit to be dismissed. No security having been given under this order, the court at the ensuing term dismissed the cause, notwithstanding it was then shewn on the behalf of the plaintiff, that the sureties for costs were residents of this State; the court conceiving itself bound by the previous order.

We have no doubt but that it is within the legitimate powers of a court to require additional security for costs, in all cases where security can be required in the first instance, as otherwise, the object and intention of these very salutary statutes might be defeated; but no cause ought to be dismissed, except in cases clearly warranted by the statutes.

The previous decisions of this court on this subject, are somewhat inconsistent. In the case of Reid vs. Carson, (Minor, 17,) it is held, that when a suit is dismissed, because security for costs is not given, enough ought to appear on the record, to shew the jurisdiction and authority of the court under the statute,—that it should appear that the plaintiff resides without, and the defendant within the State.

Reid *vs.* Brasher, et al.

In the case of Miller vs Thompson, (2 Stewart, 470,) the court seem to have held, that it was unnecessary for any reason to be shewn for the order, and that it would presume that sufficient proof was made previous to granting the same. In neither case, however, was this point necessarily involved in the questions before the court.

Considering the question as not settled by authority, we think that in all cases where a suit is dismissed in this summary manner, the reasons should appear of record, in order that it may be seen that the case is within the provisions of the statute. We do not conceive that any difficulty will arise from thus regulating the practice: as the motion is always made at the instance of a defendant, he can, if entitled to dismiss the cause under the *statute*, always shew to the court, and cause to be spread on the record, the reasons for the exercise of this summary jurisdiction.

Let the judgment be reversed, and the cause remanded.