# HESTER v. WESSON.

1. A promise by an administratrix, to pay a debt due by her intestate, is not binding on her individually, although it be in writing, there being no new consideration for the promise.

ERROR to the Circuit Court of Benton.

This was a proceeding before a justice of the peace, for a sum

under twenty dollars, and carried by *certiorari* to the county court.

On the trial, it appeared that the husband of plaintiff in error had agreed to send his children to school with defendant in error; that after the school commenced, the husband died; that the children continued to go to the school afterwards. At the close of the session, on the application of defendant in error, she gave her note for the tuition of the children sent, under and according to the agreement entered into between her husband and the school master.

Upon these facts, the court rendered judgment for the plaintiff, from which this writ is prosecuted.

T. A. WALKER and S. F. RICE, for plaintiff in errror, cited 8 Johns. Rep. 120; 17 ib. 304; Chitty on Con. 22, 40, 45; 7 Term, 350, and note.

ORMOND, J.—This action is on a note made by the plaintiff in error, the consideration of which was a debt due by the estate of her intestate. It does not appear that there was any new con-sideration of harm to the promissee, or benefit to the promissor; and it is, therefore, a promise by the adm'rx to pay the debt of her intestate, which, although in writing, being without considera-tion, is void by the statute of frauds. This has been considered the settled construction of the statute, ever since the decision in the case of Rann v. Hughes, determined in the House of Lords. [See the case in 7 Term Rep. 350, note.]

The judgment must be reversed, and the cause remanded.