## HARWOOD'S EXECUTORS v. HUMES, use, &c.

1. One who undertakes to bind a corporation, by the execution of a promis-
sory note, must show that he had authority to bind it, and that it had the
faculty of becoming bound for the payment of money. An agent when
sued upon a contract made by him, can only exonerate himself from lia-
bility, by showing that he had authority to bind those for whom he assumes
to act.

Error to Sumter County Court.

Assumpsit by the defendant in error against the plaintiff in
error. The defendant pleaded the general issue, and two

special pleas, as follows : and for further plea, &c. &c., because they say, that at the time their testator signed the promissory note, in the plaintiff's declaration mentioned, he, with others, whose names are thereto signed, for a long time before had been, and then were, trustees, and agents of the Methodist Episcopal Church of Gainesville, a religious association of persons, duly incorporated by law, and by virtue of the powers vested in him as trustee, and agent for the above mentioned association, and as trustees, and agents, and not otherwise or in any other capacity, he the said Samuel M. Harwood, did, in conjunction with his co-trustees, whose names are signed to the said note, make and execute said note, in the plaintiff's declaration mentioned, for a debt due by the above mentioned corporate association, of which he and they were trustees, and agents. All of which facts and things were well known to the plaintiff, or party receiving said note, which they are now ready to verify, &c.

And for further plea, &c., say, that their testator, together with one John A. Powell, and Francis Alexander, were duly appointed a building committee, and clothed with full power to contract for the building, and completion of a house of worship, for the Methodist Episcopal Church in Gainesville, and in the exercise of the powers vested in them, as a building committee, for the building of said church, they made said note, in the plaintiff's declaration montioned, for a debt due by the said church, or the members thereof, whose agents they were, for work and labor, and materials furnished; for the building of said house of worship. All of which facts and things were well known to the party receiving said note; all which they are ready to verify, &c.

. These pleas were demurred to, and the court sustained the demurrer, and judgment being rendered for the plaintiff, the defendants now assign for error the judgment on the demurrers.

Meredith, for plaintiff in error.

Metcalfe, contra.—The pleas are bad ; because they do

not show that the corporation had power to make a contract such as this, or to authorize another to make one. Neither does it state how the agents acquired their authority, or any state of facts, which would bind the principal.

In the third plea the church is not described as a corporate body; but who composed the church, and would be liable if the plaintiff in error is not, does nat appear from the plea. That the plea is bad without these qualities, see 4 Ala. 447; 2 id. 718; 13 Johns. 307; 17 Wendell, 41; 4 Mass. 595; 7 Porter, 454.

ORMOND, J.—The declaration charges the testator of the plaintiffs in error, with making the note sued upon, in his individual name and capacity. The defence set up is, that in making the note, he was acting as a trustee, and agent of a corporation—the Methodist Episcopal Church. The plea in which this defence is made is defective, in not alledging that he had authority to bind the corporation by his act, and that it had the faculty of becoming bound for the payment of money. Nor indeed does it appear that he undertook to bind the corporation. So far as we can judge of the note, from its description in the declaration, he became bound individually for the payment of the money. One who undertakes to make a contract, either for an individual or a corporation, and contracts in such a manner that his principal is not liable, is responsible himself. If then it appeared, that he undertook to bind the corporation, as he shows no authority for his act, he would be individually responsible.

The other plea is equally untenable. It is there alledged, that the note was made by the deceased, as the agent of the members of the church, but it is not alledged that he had authority to bind any one by this act, or that any one is bound by the act. An agent when sued upon a contract made by him, can only exonerate himself from responsibility, by showing his authority to bind those for whom he assumes to act. Nothing of that kind appears. It is alledged that he signed the note by virtue of the power vested in him as one of the building committee. This is not sufficient to show, that he had power to charge any one by signing a note as their agent. Nor indeed does it appear, as remarked in re-

ference to the other plea, that in executing the note he assumed to act as the agent of any one. [Mott v. Hicks, 1 Cowen, 513 ; Gillespie v. Wesson, 7 Porter, 451 ; Lazarus v. Shearer, 2 Ala. 723.]

Let ths judgment be affirmed.