## BEALL & CO. *vs.* RIDGEWAY.

1. A promise to pay the debt of another must not only be in writing, but founded on a legal consideration, otherwise it is a *nudum pactum*, and cannot be enforced, if the want of consideration be shown.
2. One, whose debt, without request, has been assumed by a third person, does not thereby become his debtor, and is consequently a competent witness for him, when sued on his promise, to prove the consideration on which it was founded.

ERROR to the Circuit Court of Macon. Tried before the Hon. John John J. Woodward.

THIS was an action of assumpsit on a promissory note made by the defendant in favor of the plaintiffs in error. The cause was tried upon issues formed on the pleas of non assumpsit and want of consideration. On the trial, the plaintiffs having read the note in evidence, the defendant introduced as a witness one John Reese, who testified in substance, that the defendant was his son-in-law, that the note sued on was given without his knowledge or request in settlement of an account due by him to the plaintiffs, that he was under no legal obligation to re-imburse the defendant, but that he considered himself morally bound to do so, if the defendant should be compelled to pay the debt. Upon this state of facts the plaintiffs moved to reject said Reese as a witness, and to exclude his testimony, on the ground of interest, but the court overruled the motion. The court charged the jury that if they believed from the evidence that the only consideration of the note sued on was the account of the plaintiffs against the witness Reese, and that said account was thus settled by the defendant without the consent of Reese, then the note was without consideration, and they should find for the defendant. To the ruling of the Court in its refusal to exclude Reese as a witness and to the charge given the plaintiffs excepted, and now assign them as error.

S. WILLIAMS, for the plaintiffs:

But two questions are presented on the record in this case—first, whether or not John Reese should have been allowed to

testify.   Second, whether or not the case is within the statute of frauds.

1. John Reese should not have been allowed as a witness for Ridgeway, because he showed such a state of facts as would disqualify him.

2. The promise by Ridgeway was to pay the debt of Reese to Beall & Co.   It was not a collateral, but an original undertaking in writing, and founded on a sufficient consideration.

3. The debt of Beall & Co. against John Reese, was receipted, and delivered up to Reese in consideration of Ridgeway's note.   Beall & Co. were then deprived of a right of action on their demand against Reese, and the credit of Ridgeway substituted for that of Reese.

4. The charge of the court to the jury was well calculated to mislead them.   It conveys the idea that the court can alter or vary contracts—that is to say, that where A. gives to B. his note for $100, for a debt of the like sum held by B. on C., that the court may, where no fraud or misrepresentation is imputed to B. and it is ascertained that so much as $100 was not due from C. to B., that the court may instruct the jury, that the consideration was inadequate.   In this the court was clearly in error, for where one with a full knowledge of the facts gives his note for $100, for an article worth ten dollars, the court cannot say this is a bad bargain and you shall not be held to it.   See these authorities on the statute of Frauds—facts of the case in Adm'rs of Beaman v. Russell, 20 Verm., and concluding part of the opinion; (same case, p. 216;) McKenzie & Jackson, 4 Ala. 230, Click v. McAffee, 7 Port. 62.

CLOPTON, for the defendant in error :

A written promise to pay the debt of another is not validated by the statutue of Frauds, unless it is sustained by a consideration.   It was not intended by that enactment to make a mere *nudum pactum* an operative security.—Thompson v. Hall, 16 Ala. 209 ; Parker v. Carter, 4 Munf. 273 ; Chandler's Ex'rs, v. Neale's Ex'rs, 2 Hen. & Munf. 124 ; Cook v. Bradley, 7 Conn. 57.

CHILTON, J.—The record presents the case of a promise in writing, on the part of the defendant, Ridgeway, to pay the

debt of Reese, and this without any request on the part of Reese, or any consideration for such promise. The promise to pay the debt of a third person must not only be in writing, but founded on a legal consideration, otherwise it is a *nudum pactum* and cannot be enforced if the want of consideration is shown. —Files v. McLeod, 14 Ala. 611; Thompson v. Hall, 16, ib. 204, and cases cited in these decisions.

The witness Reese was interested, but in favor of the plaintiff, and against the defendant, who introduced him. As Ridgeway could not, by the assumption of this debt, have made Reese his debtor *nolens volens*, and as he assumed to pay it without any request of Reese, the latter would not, in the event a recovery had been effected against Ridgeway, have been liable to refund to Ridgeway; but he was interested in having the demand he owed Beall & Co. paid. So that it is clear he had no such interest as disqualified him from testifying in favor of the defendant, and the court did not err in refusing to reject him as a witness. Let the judgment be affirmed.