## LEWIS, use &c., vs. LEWIS.

1. An entry on the judge's docket, in the hand-writing of the presiding judge, reciting that the plaintiff was ruled to give security for costs by the next term, is not sufficient to authorize the entry of an order to that effect *nunc pro tunc* at a subsequent term, unless it shows the reason why the order was made.
2. Security for costs cannot be required upon proof of the non-residence of the nominal plaintiff who sues for the use of another person.

ERROR to the Circuit Court of Benton.

Tried before the Hon. THOMAS A. WALKER.

THE bill of exceptions states that, at the Fall term, 1852, this case was regularly called for trial, and the plaintiff announced himself ready, when the defendant objected to proceeding with the trial, and moved to dismiss the suit, because the plaintiff had not given security for cost in pursuance of an order to that effect, founded on his non-residence and notice to his counsel that such security would be required. The plaintiff's counsel denied this ; whereupon the defendant produced the docket kept by the presiding judge at a former term, and read therefrom the following entry, which was in the hand-writing of said judge, and opposite this case : " Plaintiff ruled to give security for costs by the next term ; continued by defendant on payment of the costs of the term." The defendant then proved, that the nominal plaintiff, Lewis, was a non-resident of the State at the commencement of the suit ; and he also showed, by parol, that, at the term at which the order was made, his counsel gave verbal notice to the counsel of the plaintiff to give security on the ground that the plaintiffs were non-residents, but that the non-residence of the plaintiffs was contested. The court then offered the plaintiff the privilege of then giving security for costs, which he declined to do. The defendant then moved the court that the order requiring security for costs to be given be entered *nunc pro tunc* as of the term when the entry on the judge's docket was made, which was granted, and it was so entered on the minutes of the court; the plaintiff objecting, and excepting to the ruling of the court. The court then ordered the suit to be dismissed for want of security for costs ; to which the plaintiff excepted.

These several rulings are here assigned for error.

J. B. MARTIN, for plaintiff in error.

JOHN T. MORGAN, *contra*.

LIGON, J.—Under the decision of this court in the case of Reid v. Brasher, 7 Porter 448, the court erred in entering the order requiring the plaintiff in the court below to give security for costs, *nunc pro tunc*. The entry on the judge's docket of the previous term, failing to show *the reason* why the order was made, would not justify its being entered *nunc*

*pro tunc* at a subsequent term. The case cited from 7 Por. overrules the case of Miller v. Thompson, in 2 Stew. 470, in which a different decision was made. The practice, in respect to such orders, may be considered as settled by the case of Reid v. Brasher.

The proof of non-residence, offered at the trial, would not justify the order of the court, made at that term, for two reasons : First, the requirement to give security in a less time than sixty days is opposed to both the letter and the spirit of the statute on this subject.—Clay's Dig. 316, § 26. Here it was peremptory, and security was required to be given *instanter*. Second, the proof which was offered as to the non-residence, at the term at which the entry of dismissal was made, extended only to the nominal plaintiff. If either the beneficial, or the nominal plaintiff resides in this State, no security for costs can be required under our statute, since they are regarded as joint plaintiffs, in respect to the costs of suit, and both are liable for them.—Clay's Dig. 316, § 22.

Let the judgment be reversed, and the cause remanded.