## McTYER *vs.* STEELE ET AL.

1. The general rule is, that to make the principal personally liable on a written contract made by his agent, it must be executed in the name of the principal, and appear to be his own contract; but there are many exceptions to this rule, one of which is, that a bill of lading, signed by the master of a vessel in his own, in the usual course of employment, will bind the owner.
2. A bill of lading may partake of the character of both a receipt and a contract, and in the latter quality cannot be varied or contradicted by parol evidence; but this principle does not apply to parol testimony which shows that it is the contract of other persons than him in whose name it is executed.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. THOS. A. WALKER.

TRESPASS ON THE CASE by William McTyer against William Hendrix, William S. Hanna, and John C. Steele, as common carriers, to recover damages for defendants' breach of duty and contract in failing to deliver to the consignees fifteen bales of cotton, which were shipped by plaintiff on board their flat-boat, and were consigned to McDowell, Withers & Co. at Mobile. The defendants severally pleaded not guilty, in short by consent.

On the trial, as the plaintiff's bill of exceptions shows, "the plaintiff offered in evidence a bill of lading, or receipt, which was in the following words and figures, to-wit:

'Received of W. McTyer fifteen bales of· cotton, in good order, which I promise to deliver in the port of Mobile, in like condition, to McDowell, Withers & Co., at $1 per bale; marked thus, W. McTyer; 2 bales of the lot marked W. McTyer the bagging and rope excepted, and J. K. April 6, 1852'.              (Signed)              'J. C. Steele'.

"Plaintiff then offered evidence, tending to show that he· had placed on a flat-boat fifteen bales of cotton at the time and place mentioned in the bill of lading and declaration; that the boat had been run on a log or snag in the Cahaba river, so as to submerge and ruin the cotton, and cause a total loss to the owner. He also offered testimony, tending to show that the said boat was purchased by John C. Steele, but at the time of the purchase he directed the builder to call on Hendrix and Hanna, the other defendants, for his pay; also, that before the delivery of the boat Hendrix called upon the builder, and said to him, that he wanted the boat upon which plaintiff's cotton was shipped, and also another boat, as soon the river should rise; and it was proved, also, that said Hanna did afterwards pay for said boat. Plaintiff then offered to prove as a circumstance in the case, that said John C. Steele, at the time of giving said receipt, or bill of lading, was and had been notoriously insolvent; but to the introduction of this proof of Steele's insolvency, the other defendants (who alone appeared and defended the suit) objected, and the court excluded the same; and to this plaintiff excepted.

"Plaintiff proposed to prove, by parol, in order to connect said Hendrix and Hanna with said Steele and bill of lading, and show them liable to plaintiff, that said Steele was the chief officer on said boat, to-wit, pilot or captain thereof; and then proposed to prove, by one O. Belcher, that he (Belcher) had been for many years a captain, or pilot, on a flat running said Cahaba river, and that it was a part of the captain or pilot's duty to give receipts and bills of lading for freight, such as was given in this case for freight received on said boat; and that said boat was, and was known to be, the property of said Hendrix and Hanna. To this evidence said Hendrix and Hanna objected, on the ground that no liability could be fixed on them by such parol evidence, after plaintiff had introduced and shown said bill of lading for the cotton sued for. The court sustained the objection, so far as said Hendrix and Hanna were concerned, but allowed it to go to the jury as against Steele; and to this ruling of the court plaintiff excepted.

"Plaintiff then proposed to prove, by parol, that said Hendrix and Hanna had, as partners, been engaged for several years as common carriers in the transportation of cotton on said river; that notwithstanding said Steele had, in some instances, given a receipt, or bill of lading, to others for cotton shipped on the same boat, yet said Hendrix and Hanna, in other instances, had given receipts and bills of lading in their own names to others, for cotton shipped on the same boat. This evidence, on the objection of said Hendrix and Hanna, the court ruled inadmissible, and to this plaintiff excepted.

"Plaintiff further offered to prove, by parol, with a view, in connection with other facts, to show the liability of said Hendrix and Hanna as common carriers, and in order to connect said Hendrix and Hanna with said Steele in his liability to plaintiff,—that acts of ownership were exercised over said boat by said Hendrix and Hanna, both before and after the same was wrecked, in the presence of plaintiff and others; that they received freight for the same, and gave bills of lading therefor in their own names. This evidence, also, on the objection of said Hendrix and Hanna, was held inadmissible, and plaintiff excepted.

"The court then charged the jury, that the bill of lading sued on in this case, was of a two-fold character—first, a receipt; and, secondly, a contract to carry and deliver cotton in Mobile; that, as a receipt, it may be explained or contradicted by proof; but, as a contract for carrying and delivering cotton, &c., it cannot be contradicted by parol proof; and therefore the parol evidence offered by plaintiff, to connect said Hendrix and Hanna with said bill of lading, and thus to fix a liability on them, was inadmissible as to them, and therefore excluded, but admissible and good as to Steele. To this charge, also, plaintiff excepted."

In consequence of these rulings of the court, the plaintiff was forced to take a nonsuit; which he now moves to set aside, and assigns all the rulings of the court against him for error.

Joseph R. John, for the appellant:

1. The insolvency of Steele was proper evidence for several purposes: 1st, to show the relationship of the parties; 2d, to show that the contract, although signed by him alone, must have been signed as master, or as agent for himself and his co-partners; 3d, to rebut the presumption that credit was given to him alone.

2. The owners of a vessel, employed in the transportation of merchandise and produce, are responsible on a bill of lading signed as this was, when it is shown that the person signing it is master of the vessel; and this may be shown by such proof as was proposed in this case.—Story on Contracts, p. 287, §§ 368, 370, 371; Story on Bailments, p. 326, §§ 506, 507; May v. Babcock, 4 Ohio 334; Deford v. Seinour, 1 Smith's R. 325, cited in 10 U. S. Digest, p. 208, § 313.

3. The testimony excluded tended to show a joint ownership in the boat; and as the owners would be liable under such a contract as here shown, the testimony ought not to have been excluded. The question was not whether it was sufficient, but whether it was legal. If the defendants were partners in the boat, or in the transportation of cotton on the boat, as alleged, then they would be liable on a contract in regard to the business of the partnership, though made by one partner in his own name.—Story on Partnership, §§ 103

to 107 ; Collyer on Partnership, § 386 ; Owings & Co. v. Trotter & Scott, 1 Bibb's R. 157.

4. The court was clearly in error, in supposing that this evidence tended to vary or contradict the bill of lading. It had no such effect.—Story on Agency, (4th ed.) § 270, n. 3.

5. If the cotton had been delivered in Mobile, the defendants could have recovered from plaintiff the price for the freight, by showing that Steele was their agent, and received the cotton for them, although he signed the receipt for it in his own name.—Edwards v. Golding, 20 Vermont R. 30. If so, plaintiff can enforce the contract against them, by making the same proof, as the contract must be mutual.

WM. M. MURPHY and I. W. GARROTT, *contra:*

1. The rule is inflexible, that if a written instrument is perfect and complete in itself, parol evidence cannot be received to add another term to it, or change its legal effect. West & West v. Kelly's Executors, 19 Ala. 353 ; Walker v. Clay & Clay, 21 *ib.* 797. It is conceded, that receipts for the payment of money, or in discharge of a contract, may be explained by parol proof ; but there is a broad distinction between receipts of that nature, and the bill of lading in this case, which was the foundation of the action. So far from being the discharge of a contract, the writing was the commencement of the liability. This distinction was taken in Smith v. Brown, 3 Hawks' R. 581, a case very similar to this ; and it was there expressly decided, that parol evidence is not admissible to vary or contradict the writing. To the same effect are the following authorities : 1 Greenl. Ev. § 305 ; Barrett v. Rogers, 7 Mass. 297 ; Benjamin v. Sinclair, 1 Bail. 174 ; May v. Babcock, 4 Ohio R. 334. The plaintiff proceeded upon the contract as valid and subsisting ; while it is only by repudiating it as fraudulent that he is permitted to vary or contradict it by parol proof.—Dixon v. Barclay, 22 Ala. 380.

2. The insolvency of Steele had nothing to do with the liability of the other defendants.—Donley v. Camp, 22 Ala. 666.

3. The evidence of Belcher, as to the length of time he had been on the river, was entirely irrelevant. The object in

offering it probably was, to prove a custom; but the proof does not pretend to show a custom, and, even if it did, it could have nothing to do with the construction of a contract.

4. The fact that Hendrix and Hanna had given receipts, in their own names, for cotton shipped on the same boat, can throw no light on the bill of lading in this case. Each case must stand or fall by itself. Hendrix and Hanna might well be the owners of the boat, and still in no way liable.—Sims & Scott v. Jones, 6 Port. 138. Steele, Hendrix, and Hanna might each bind himself separately as a common carrier, although all were on the same boat.—McClure v. Richardson, 1 Rice's R. 215; 1 Sup. U. S. Digest, p. 245, § 107.

5. Even if Steele was a partner with the other defendants, he had the right to bind himself individually; and the bill of lading clearly shows, on its face, that he intended to bind himself only.

GOLDTHWAITE, J.—The general rule is, that to make the principal personally liable, on a written contract made by his agent, it should be executed in his own name, and appear to be his own contract.—Story on Agency, § 161. But there are many exceptions to this rule. Thus it is well settled, that a captain of a ship has an incidental authority to make all contracts belonging to the ordinary employment of the vessel, and if he enters into such contracts in his own name, although he may be personally liable, his principal is also responsible. Pickering v. Holt, 6 Greenl. 160; Abbott on Shipp. part 2, ch. 3, § 1, ed. 1829; Story on Agency, § 161, 162, and cases there cited. So, a bill of lading, signed by the master in his own name, in the usual course of the employment of the ship, will bind the owner.—Story on Agency, § 161. It is true, that such a writing may partake of the character both of a receipt and contract, and that, in its latter quality, it is not to be contradicted by parol; but evidence to fix a liability on others than the party who signed it, is not varying the contract in the sense meant by Mr. Greenleaf in his work on Evidence, § 305. Testimony could not be received to show that the article shipped was to be delivered at a different port, or to other consignees than those specified in the bill of lading. As to these and like matters, it is properly regarded

as a contract, and governed by the same rules ; but the principle does not shut out testimony, which shows that it is the contract of other persons than him in whose name it is executed.

It follows from what we have said, that if the bills of lading were executed by the captain, or chief officer of the boat, and in the usual course of its business, the contract, although made in his name, was equally the contract of the owners. Any facts, therefore, which conduced to show the ownership of Hendrix and Hanna, were proper, in connection with other facts, as making out one link in the chain against them, and the evidence to that effect was improperly rejected by the court.

From what we have said it follows, also, that the charge of the court, to the effect that Hendrix and Hanna could not be connected with the bill of lading by parol proof, was also erroneous.

The judgment of nonsuit must be set aside, and the cause remanded.