Drake v. Flewellen & Co.

## DRAKE vs. FLEWELLEN & CO.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Charter of private corporation not judicially noticed.*—The charter of a female college, which is a private corporation, cannot be judicially noticed by the appellate court.

2. *Execution of note by agent.*—A promissory note, signed by the defendant in his own name, with the addition of the words, "secretary Auburn Masonic Female College," *prima facie* imposes a personal obligation on him.

3. *Respective liabilities of principal and agent on note executed by agent.*—When an agent is sued on a promissory note which, *prima facie*, imposes a personal obligation on him, and seeks to defend himself on the ground that the note was in fact the contract of his principal, he must make his defense under a sworn plea ; and, if the principal is a private corporation, must show that it had authority to bind itself.

4. *When general charge on evidence is erroneous.*—A general charge, in favor of the plaintiff's right to recover, is erroneous, whenever there is the least conflict in the evidence on any material point.

5. *Whether promise is original or collateral.*—If an agent of a private corporation contracts a debt on its supposed credit, when the corporation in fact had no authority to contract debts, the contract imposes an original, personal liability on the agent ; but, if he gives his note, without any new consideration, for the amount of a debt previously contracted by another person for the corporation, such a note is a collateral contract, and void.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. S. D. HALE.

This action was brought by A. C. Flewellen & Co., against John W. W. Drake, and was founded on a promissory note, of which the following is a copy :

"Columbus, Ga., Jan. 1, 1853.

"$805,87.   One day after date, I promise to pay A. C. Flewellen & Co., or bearer, eight hundred and five 87-100 dollars, for value received.

"J. W. W. DRAKE, Secretary
Auburn Masonic Female College."

The defendant pleaded five pleas ; of which the first was *non assumpsit ;* the second, a special plea of *non est factum,* (each of which pleas was, by consent, "considered as sworn to,") and the others were in these words :

" 3. That the note on which said action is founded, was executed and delivered to the plaintiffs for a debt due and owing to them by the Auburn Masonic Female College, a corporation under the laws of this State; that at the time of the date, execution and delivery of said note to the plaintiffs, defendant was the secretary of said corporation, under the rules and regulations passed and made by the board of directors thereof, [who] had, previously to the execution of said note by defendant, directed and authorized him, as such secretary, to execute to said plaintiffs the note of said corporation for said debt, and for and on behalf of the said corporation; that under this direction and authority of said board of directors, defendant executed and delivered said note to plaintiffs, in his capacity and character of secretary of said corporation, and not in his personal capacity, and executed and delivered the same for and on behalf of said corporation, and as the note of said corporation, and not as his own note, nor to create a personal liability on him; and that said plaintiffs, at the time they received said note, were informed that said note was intended to be and was the note of said corporation, given for said debt of said corporation, and not the note of this defendant, and as such they received it.

" 4. That said note was executed and delivered to plaintiffs without any consideration therefor, received or to be received by this defendant, or given therefor by the said plaintiffs.

" 5. That said note was executed and delivered to said plaintiffs by this defendant, for and on account of a debt due to said plaintiffs by the Auburn Masonic Female College, and the consideration thereof is not expressed in said note."

The plaintiff took issue on the first plea, moved to strike out the fifth, and demurred to the others on the following grounds: "1st, because the second plea does not deny the execution of the note by the defendant, but only alleges that he did not execute it personally, or in his individual capacity—*non constat*, he may be personally liable upon the note; 2d, because the third plea does not

allege that the corporation, or board of directors, had the power to excute a contract; 3d, because the fourth plea does not aver that no consideration passed from the plaintiffs to some other person than the defendant." The court sustained the motion to strike out the fifth plea, and also sustained the demurrer to the second, third and fourth pleas; and the defendant reserved exceptions to each of these rulings.

"On the trial," the plaintiff having read in evidence the note sued on, "the defendant proved by one of the board of directors at its organization in October, 1851, who continued as such until 1853, that the defendant was, from its organization, the secretary of said corporation, until he ceased to act as a member of the board in 185–; and there was no evidence that there was any other person secretary than the defendant. The defendant introduced evidence, also, that in 1852, or about the time of the date of said note, said corporation had purchased books from the plaintiffs, but to what amount was not shown; also, that one of the plaintiffs admitted that the debt, for which said note had been given, was a debt of the said corporation, and not of the defendant, and said that it was the note of the college, and that he received it as the note of the college. The charter of the corporation was also introduced. This was all the evidence; and thereupon the court charged the jury, that if they believed the evidence, they must find for the defendant; to which charge the defendant excepted."

The rulings of the court on the pleadings, and in the charge given to the jury, are now assigned as error.

ELMORE & YANCEY, for the appellant.
CLOPTON & LIGON, contra.

STONE, J.—The Auburn Masonic Female College is a private corporation, [Dartmouth College v. Woodward, 4 Wheat. 518;] and although the bill of exceptions states that "the charter of the incorporation was also introduced," we do not find it in the record. Under these circumstances, we have no authority to consider any of

the provisions of that act, in passing on the legal questions presented.—See Pamphlet Acts of 1851–2, p. 359.

[2.] The complaint alleges, the note was made by the defendant. The note copied in the bill of exceptions imposes, *prima facie*, a personal liability on the defendant. See Gillespie v. Wesson, 7 Porter, 461; Tippets v. Walker, 4 Mass. 595; Taft v. Brewster, 9 Johns. 334. That personal liability, however, can be shifted by pleadings and proof. See Lazarus v. Shearer, 2 Ala. Rep. 718; McTyer v. Steele, 26 Ala. 487; Baker v. Gregory, 28 Ala. Rep. 544.

[3.] Under our statute, and the construction placed on it, a defendant who has executed a contract which, *prima facie*, charges him personally, and who yet seeks to rebut that *prima-facie* intendment, by showing that, in fact, the contract is that of his principal, must make his defense under a sworn plea.—Code, § 2238; Lazarus v. Shearer, 2 Ala. 718; McWhorter v. Lewis, 4 Ala. 198.

To render the defense available under our decisions, it must also appear, that the corporation had authority to bind itself.—Harwood v. Humes, 9 Ala. 659; Gillespie v. Wesson, 7 Porter, 454–61; Mott v. Hicks, 1 Cow. 513–36; White v. Skinner, 13 Johns. 307.

Under these rules, neither the third plea, nor the evidence in the record, shows that the corporation "had the faculty of becoming bound;" and hence, in these respects, the defense was not made out.

[4–5.] The charge renders it necessary for us to notice another point. It only referred to the jury the credibility of the evidence; and instructed them, on every hypothesis of which the testimony, if believed, was susceptible, to find for the plaintiffs. This was not justified by the state of the proof, all of which purports to be set out in the record. The bill of exceptions leaves it in doubt, whether the books for which the note was given, were purchased at the time the note was given, or whether the defendant had any agency in their purchase. Evidently, if the corporation had no authority to contract a debt, and Mr. Drake assumed to pledge its credit, and himself bought books upon its supposed credit, he would thereby

impose a personal liability on himself. On the other hand, if he had no agency in obtaining the credit for the corporation; in other words, if some other person bought or ordered the books, and he, without any new consideration, gave his note for books thus purchased or ordered by another, such note would be within the statute of frauds, and void.—Hester v. Wesson, 6 Ala. Rep. 415; Bullock v. Ogbourn, 13 Ala. Rep. 346; Holt v. Robinson, 21 Ala. Rep. 106.

The evidence leaves these questions in doubt; and they should have been referred to the jury.

Reversed and remanded.