# Watson *v.* Reynolds & Stuckey.

### *Action on Promissory Note.*

1. *Promissory note; what without consideration.*—A promissory note given by the widow to a creditor of the deceased husband, who does not take it in payment of the debt, and neither lost or suspended any remedy for its collection, or receipted the account, is without consideration.

2. *Same.*—The fact that there has been no administration, and the widow remains in possession of all the real and personal estate of the husband—the possession not being derived from the creditor—forms no consideration for such a promise.

APPEAL from Circuit Court of Dale.

Tried before Hon. HENRY D. CLAYTON.

This was a suit by the appellees against the appellant on a promissory note. She pleaded want of consideration, and issue was joined on that plea.

Appellant was introduced as a witness, and testified that she gave the note sued on for an account which was made in her husband's life time; that she gave it at the request of one Powell, who, as agent of the appellees, came to her with the account and assured her that if she would sign the note, she would not be pressed about it; that the account was not receipted or delivered to her, and that there was no other

consideration for the note. The evidence further showed that the widow was in possession of all the estate of the husband, and that no administration had been granted thereon.

Upon this state of facts the court charged the jury, that if they believed the evidence they must find for the plaintiffs. The charge was duly excepted to, and is now assigned as error.

W. D. ROBERTS, for appellants, cited *Maul v. Vaughan,* 45 Ala. 134; *Hetherington v. Hixon,* 46 Ala. 297; *Hester v. Wesson,* 6 Ala. 415.

S. H. DENT, *contra.*

BRICKELL, C. J.—A promise to pay the debt of another, founded on no other consideration than the debt, is a *nudum pactum,* no matter what form the promise may assume.—*Beall v. Ridgway,* 18 Ala. 117; *Rutledge v. Townsend,* 38 Ala. 712; *Hester v. Wesson,* 6 Ala. 415. The note on which the suit is founded, was not given by appellant or accepted by the appellees as payment of the debt of her deceased husband, nor to induce appellees to forbear or suspend any right of action they had on such debt. There is, of consequence, no element of detriment to the appellees from which to deduce a consideration for the note, nor is there any element of benefit to the appellant. Her possession of the personal assets of her deceased husband—administration not having been granted—is rightful, and she can lawfully hold them against all until an administrator is appointed.—*Brown v. Beason,* 24 Ala. 466. The real estate, if it is the last residence of the husband, she is entitled to hold in possession until her dower is assigned. If it is not the last residence of the husband, her possession is rightful against all but the heirs to whom the title has descended, until an administrator shall assert his statutory powers over them. Possession of neither was derived from the appellees, and it can form no consideration for her promise to pay the debt of the deceased husband. On the evidence, the note was without consideration. The court erred in the charge given, and the judgment must be reversed and the cause remanded.