# Starke *v.* Wilson.

## *Creditors' Bill in Equity to subject Lands Devised.*

1. *Devise of lands "after payment of debts."*—Under the doctrine established by the courts of equity in England, a bequest or devise of property, "after the payment of debts," is an implied charge of the debts upon the property ; but this doctrine is not recognized with us, since our statutes expressly charge the whole of the property with the payment of debts.

2. *Statute of limitations as to trust for payment of debts.*—To take a debt out of the operation of the statute of limitations, as against lands devised, even under the English doctrine, there must be a specific charge, or an express trust ; and that is the doctrine established by the later decisions of this court, which overrule, as to that point, the case of *Darrington v. Borland,* 3 Porter, 10.

3. *Judgment against personal representative ; effect as against heir or devisee.* A judgment against the personal representative, on a debt contracted by the decedent, does not estop the devisee from setting up the statute of limitations, in defense of a suit in equity to subject the devised lands to the payment of the debt.

4. *Partial payment by executor, who is also devisee.*—A partial payment by a sole executor or administrator prevents the running of the statute of limitations, as against the personal assets ; but, under the operation of the statute of frauds (Code, § 2121), it would not have that effect as against his interest in lands devised.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 16th September, 1878, by Mrs. Caroline R. Starke and the personal representative of Mrs. Olivia McDonald, deceased, as creditors of Frederick S. Raoul, deceased, in behalf of themselves and all other creditors who might come in, against the administrator *de bonis non* of said F. S. Raoul, together with his widow and children, who were also the devisees under his will, and several other persons claiming under them ; and sought to reach and subject to the satisfaction of judgments, obtained by the complainants respectively against said administrator *de bonis non,* lands devised by the testator to his widow and children, and by them conveyed to the other defendants. The testator died, as the bill alleged, in April, 1870 ; and his last will and testament, which was executed on the 1st March, 1870, was duly proved and admitted to record, in the Probate Court of Montgomery county, on the 10th day of June, 1870, and letters testamentary thereon granted to his widow, Mrs. Mary Grace Raoul. The testator's will, a copy of which was made an exhibit to the bill, contained the following provisions : " After the payment of all my just debts, I give and

[Starke v. Wilson.]

bequeath unto my beloved wife, Mary Grace Raoul, the whole of my estate, of whatever kind, both real and personal, for her sole use and enjoyment, for and during her natural life; and it is my will, after her death, that my said estate shall be equally divided, share and share alike, between my two children, Thomas Couper Raoul and Caroline Theus Raoul; and I do hereby appoint and constitute my beloved wife, Mary Grace Raoul, the executrix of my estate, without bond, or security of any sort." At the time of his death, as the bill alleged, the testator was indebted to Mrs. Caroline R. Starke, one of the complainants, "in the sum of $3,850, which was evidenced by promissory note made January 1st, 1864, and payable January 1st, 1865," on which several partial payments were credited; "and said Raoul's estate is justly indebted to the estate of said Olivia McDonald, in the sum of $1,007.35, with interest, which said claim is due and unpaid." Mrs. Raoul resigned the office of executrix, on the 2d November, 1876; and letters of administration *de bonis non*, with the will annexed, were granted on the 3d November, 1876, to M. A. Baldwin. On the 11th December, 1876, the personal representative of Mrs. McDonald recovered a judgment on her debt, against M. A. Baldwin, as such administrator; and Mrs. Starke recovered a judgment against him on her debt, for $4,000, on the 7th March, 1878; and these are the judgments, satisfaction of which was sought by the bill, out of the lands devised, under an allegation of a deficiency of personal assets.

An amended bill was filed, containing the following allegations, as to partial payments made on these debts: "Complainant C. R. Starke further shows and alleges, that on the 1st day of July, 1866, said testator made a payment of $225 on the debt evidenced by said promissory note, which was duly entered, by his direction, as a credit on said note, at the time of said payment; that on the 1st day of July, 1867, said testator made another payment on said debt, of the sum of $225, which amount was duly entered as a credit on said note at said time; that on the 1st day of July, 1868, said testator made another payment on said debt, of the sum of $225, which was duly entered as a credit on said note at said time; that on the 1st day of July, 1869, said testator made another payment on said debt, of the sum of $150, which amount was duly entered as a credit on said note; that on or about the 15th August, 1872, the widow of said testator, who was a devisee under the will, and the duly appointed and legally qualified executrix of his said will, paid to your oratrix the sum of $200, as a part payment of the debt evidenced by said promissory note, which said payment was a

credit entered thereon; and that on or about the 3d day of August, 1873, said executrix paid your oratrix the sum of $100, as a part payment on the debt evidenced by said note. And your orator R. T. McDonald shows and alleges, that various payments were made, at various times, by said testator, on the debt due to his said intestate, Mrs. Olivia McDonald; and that the executrix of said testator's last will and testament made various payments thereon, the last of which was made on or about the 15th October, 1874."

The conveyances which the bill sought to set aside were: 1. A deed dated the 13th March, 1875, by which the said devisees conveyed a part of the lands, therein particularly described, to John B. Scott, as trustee, for the benefit of James G. Freeny and others, creditors of said testator, who had obtained judgments on their debts, and who, as the deed recited, had entered satisfaction of their judgments in consideration of the execution of the deed. 2. A deed dated April 8th, 1871, by which said devisees conveyed a portion of the lands to John Wilson, who was alleged to have had notice of the liability of the lands to the outstanding debts of the estate. 3. A deed by which Scott, as trustee, conveyed another portion of the lands to said Wilson. Copies of these deeds were made exhibits to the bill, but the last two are not included in the transcript. A further notice of these deeds is unnecessary, under the view taken of the case by this court. Wilson and Scott were joined, with the administrator and devisees, as defendants to the bill. The prayer of the bill was, that the conveyances might be set aside, and the lands subjected to the satisfaction of the complainants' judgments; that an account be taken of the rents and profits for which Scott and Wilson might be liable; that the administration of the estate be removed into the Chancery Court, and there settled; and for other and further relief.

The chancellor sustained a demurrer to the bill, on the ground that the claims were barred by the statute of limitations of six years, and dismissed it; and his decree is now assigned as error.

GEORGE F. MOORE, and E. A. GRAHAM, for the appellant, cited *Cook v. Boykin,* 61 Ala. 472; *Stewart v. Montgomery,* 23 Penn. St. 410; *Lashlee v. Jacobs,* 9 Humph. 718; *Eckhert v. Triplett,* 48 Ind. 174; *Teague v. Corbett,* 57 Ala. 543; Freeman on Judgments, § 163.

SAYRE & GRAVES, for the appellees.—A judgment against the administrator is not evidence against the heirs.—*Darrington v. Borland,* 3 Porter, 38; *Bond's Heirs v. Smith,* 2 Ala.

660 ; *Pharis v. Leachman*, 20 Ala. 676 ; *Steele v. Steele's Adm'r*, 64 Ala. 438. A promise by the administrator does not remove, as against the heir, the bar of the statute of limitations.—*Bond v. Smith, supra*; *Mooers v. White*, 6 Johns. Ch. 360 ; *Teague v. Corbett*, 57 Ala. 543. The language of the will does not take the case out of the statute of limitations.—*Carrington v. Manning*, 13 Ala. 623 ; *Steele v. Steele's Adm'r, supra*.

SOMERVILLE, J.—The statute of limitations is fatal to the claims of each of the complainants in this case.

The language of the testator, Raoul's will, by which he gave and bequeathed all of his estate to his wife and two children, "after the payment of all his just debts," according to the prevailing doctrine of English equity jurisprudence, would create a charge by *implication*, though not a *specific* charge, on the lands which went into possession of the devisees under the will.—2 Story's Eq. Jur. § 1246; *Steele v. Steele's Adm'r*, at the last term ; *Lewis v. Ford*, at the present term. " But," as said by this court in *Lewis v. Ford, supra*, " this doctrine is not recognized as being of force in this State, having been held to be opposed to the spirit and policy of our statutes, which expressly charge the whole property of every decedent with the payment of his debts, and vest the Probate Court with plenary power for subjecting such property to their speedy satisfaction. There is, therefore, no such lien or charge created by the will, as to arrest the running of the statute of limitations. No charge, raised by implication, would have operated to do so, even under the English doctrine. To take the debt in question out of the operation of the statute, it would require in the will words creating a *specific charge*, on an *express trust*."

The opposite doctrine, announced in the 12th head-note of *Darrington v. Borland*, 3 Por. 10, is not in harmony with the cases above cited, or that of *Carrington & Co. v. Manning's Heirs*, 13 Ala. 611 ; and that case, to this extent, is over-ruled.

The fact that these claims, for the enforcement of which this bill is filed, have been reduced to judgment against the administrator *de bonis non* of Raoul's estate, does not preclude the appellees from setting up the defense of the statute of limitations. These judgments are not binding on devisees under the testator's will, because they " were not parties to the suits, could not offer testimony, or adduce evidence in opposition to the claims, nor appeal from the judgments." *Garnett v. Macon*, 6 Call, 308. Such a judgment is, at most, only *prima facie* evidence against other creditors, heirs, de-

[Starke v. Wilson.]

visees, or distributees, throwing on the latter the *onus* of proving the lack of justness in the demand on which it may be founded.— *Teague v. Corbett,* 57 Ala. 529 ; Freeman on Judgments, § 163. And while, in this State, the principle is recognized, that a promise made by a sole executor or administrator, to pay the debt of a testator or intestate, or a partial payment actually made, prevents the running of the statute of limitations, so far as to subject the *personal assets,* it is well settled, that *real estate,* descending or devised, can not be rendered liable by such promise or payment. If the payment of such a debt is claimed from real assets, the heir or devisee may show that the debt, on which the judgment was founded, was barred by the statute at the time when suit was instituted thereon against the personal representative.— *Townes v. Ferguson,* 20 Ala. 147 ; *Bond v. Smith,* 2 Ala. 660 ; *Teague v. Corbett, supra* ; Freeman on Judg. § 163.

It is insisted by appellant's counsel, that, inasmuch as Mrs. Raoul was a devisee, as well as executrix, and took under the will a life-estate in the lands devised, a payment made by her ought to bind *her interest* in these lands. This argument fails in soundness, however, for the reason, that the debts, on which she made the payments, were not hers, but those of her testator ; and to hold her bound in any way, without a written agreement or memorandum, subscribed by her as the party sought to be charged therewith, is prohibited by the statute of frauds.—Code (1876), § 2121. And, in *Hester & Wesson,* 6 Ala. 415, it was held, that even a special promise made by an administratrix, though in writing, would not be binding on her individually, without a new consideration for the promise.

The case of *Boykin v. Cook,* 61 Ala. 473, is unlike this. There, the devisee was held bound by the judgment, on the ground that he was also the *defendant in the judgment,* as well as executor. In this case, the judgment is not against Mrs. Raoul, the devisee sought to be charged, but against Baldwin, the administrator *de bonis non,* between whom and herself there was no privity whatever.

This view of the case renders it unnecessary to consider the other questions raised by the assignments of error.

The decree of the chancellor in sustaining the demurrer is free from error, and is affirmed.

STONE, J., not sitting.