# Smith *v.* The State.

### *Indictment for Grand Larceny.*

1. *City Court of Montgomery; setting criminal cases for trial.*—The special act of 1873 (Acts of 1-72-3, p. 261) relating to the City Court of Montgomery, made it the duty of the clerk of said court to set criminal cases for certain days, and to summon the witnesses in each case for the day set for the trial thereof (except capital cases). The design of this act was to facilitate the trial of such causes, and did not deprive defendants of any rights previously enjoyed.

2. *Same; § 4447 of Code of 1886.*—The general law enacted in 1877 (§ 4447 Code of 1886), did not repeal, or effect, the special act of 1873, relating to the City Court of Montgomery. Both of said acts are directory merely, and abridge no constitutional right of defendants.

FROM the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

C. H. ROQUEMORE, for appellant, cited *Ex parte Bryan,* 44 Ala. 402; *Hall's Case,* 40 Ala. 698; *Henry's Case,* 33 Ala. 389; *Ex parte Dorsey,* 7 Porter, 293; Con. of 1868, Art. 1, §§ 1 and 2; *Spicer's Case,* 69 Ala. 162; *Sylvester's Case,* 71 Ala. 17; *Scott v. Simons,* 70 Ala. 352; *Jefferson County v. Truss,* 85 Ala. 486.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—The defendant was indicted in the City Court of Montgomery, at its October term, 1892, for grand larceny. He was tried on the 14th of November, following, and was convicted and sentenced to the penitentiary for three years.

He moved in arrest of judgment upon the ground, that the day for the trial of his cause was set by the clerk of the court, without any order of the court setting the cause for trial, and that the defendant was in custody of the court when the clerk set the day for trial, but was not present either in person or by attorney at that time. This motion was overruled by the court. There is no bill of exceptions in the cause, and it is brought here on the record, showing the facts above stated.

At the session of the legislature for 1873, an act was passed (Acts 1872-3, p. 261), making it the duty of the clerk

of the City Court of Montgomery to set the criminal cases pending in said court for trial, commencing on Monday of the second week of the July term, and on Monday of the February and October terms of said court, and to summons the witnesses in each case for the day set for the trial thereof, and requiring him in setting causes to be governed by the rules and statutes regulating the setting of civil cases for trial in said court, so far as the same were applicable and not inconsistent with said special act. By *proviso,* capital cases were exempted from the operation of the statute.

At the time of this enactment, there was no statute which made it the duty of clerks of courts to set down criminal causes on the dockets of the courts for trial on particular days, but they were tried whenever reached,—a practice expensive to the State, parties and witnesses, and productive of much public inconvenience. The obvious design of this special act was to facilitate the trial of such cases, at a saving of much of the expense and annoyance incident at the time to their trial in the court. It did not deprive defendants of any right or privilege they theretofore enjoyed, but rather gave them opportunity for a more certain, speedy and satisfactory trial.

Later, in 1877, the legislature passed a similar general statute, appearing in the Code of 1876, as § 4869, and in that of 1886 as § 4447, making it the duty of the clerks of courts to set for trial all cases in their courts, except capital cases and cases of parties in custody, for particular days, and no case so set to be called before the day of its trial. This statute, however, made no reference to any special statutes on the same subject, contained no repealing provisions, and did not in any wise affect this special law for the Montgomery City Court.—*Mobile & Ohio R. R. Co. v. The State,* 29 Ala. 573; *Pearce v. The Bank of Mobile,* 33 Ala. 693; *Jefferson Co. v. Truss,* 85 Ala. 490.

The special statute and the general one on the subject, each prescribing duties to be performed by clerks of the courts, in the matter of setting their dockets, are directory merely, and when complied with by those officers, abridge no constitutional or other right of defendants to fair and impartial trials, but rather are promotive thereof.

The City Court committed no error in overruling the motion in arrest of judgment.

Affirmed.