# Richardson Bros. & Co. *v.* Fields, *et al.*

### Action on Promissory Note.

1. *Nudum pactum; what is.*—The mere promise made by one to pay the debt of another, on no other consideration than the debt, is a *nudum pactum* no matter what form the promise may assume. Hence a promissory note executed by the directors of a corporation in their individual names for an antecedent debt of the corporation without other consideration than the debt itself, is void as against the makers of the note.

APPEAL from Blount Circuit Court.

Tried before Hon. J. A. BILBRO.

The plaintiffs in this case, who are the appellants, were the transferrees of a promissory note executed by the defendants to Lovett, the payee of the note for services he had rendered to the Blount College Co., a corporation. The makers of the note were the directors of the College Company, and there was no consideration for the note except the obligation of the company to

Lovett. The note was in these words: "One day after date we promise to pay J. A. B. Lovett or bearer two hundred and eighty-four and 35-100 dollars value received for services rendered as president of Blount College, session 1890-1891.

Joseph F. Hendricks, Pres. Board,

V. Warren, Sec.

R. Nation,

A. E. Fields,

W. F. Hood.

The action was against Warren, Nation and Fields. The evidence in part was that the payee of the note told the makers before its execution that he wanted the note to pay a debt he owed to J. H. Arnold; that Arnold had agreed to take the note, and did afterwards take it in payment of Lovett's debt to him.

EMORY C. HALL, for appellant, contended, on the question of consideration, that, inasmuch as Lovett made known to the maers of the note, before its execution, that if he could obtain it from them, Arnold would take it, in settlement of the account due him by Lovett, and that Arnold did so accept it and settled the account, there was in the transaction the element of detriment and benefit; and that this was a sufficient consideration, citing *Rutledge v. Townsend,* 38 Ala. 706; 1st Brick. Dig. p. 382; *Watson v. Reynolds,* 54 Ala. 191; *Nowlin v. Wesson,* 93 Ala. 509; *Doss v. Peterson,* 82 Ala. 253.

R. T. ROBINETT, *contra,* contended, that the promise in this case was a *nudum pactum,* citing *Watson v. Reynolds,* 54 Ala. 191; *Beal v. Ridgeway,* 18 Ala. 117; *Rutledge v. Townsend,* 38 Ala. 712; *Hester v. Weston,* 6 Ala. 415.

DOWDELL, J.—Among other pleas filed by the defendant in this case was the plea of a want of consideration. The evidence, without conflict, shows that the note, the foundation of this suit, was given for an antecedent debt of the Blount College Co., a body corporate, to the payee, J. A. B. Lovett, for services which had

been rendered by said Lovett as a teacher for said company. There was no new consideration moving to the defendants, the makers of this note. The mere promise, as in this case, of the defendants to pay the debt of another, on no other consideration than the debt, is a *nudum pactum*, no matter what form the promise may assume.—*Watson v. Reynolds*, 54 Ala. 191; *Beale v. Ridgway* 18 Ala. 117; *Rutledge v. Townsend*, 38 Ala. 712; *Hester v. Wesson*, 6 Ala. 415; *Underwood v. Lovelace*, 61 Ala. 155; *Thornton v. Guice*, 73 Ala. 322; *Doss v. Peterson*, 82 Ala. 252; *Russell v. Wright*, 98 Ala. 55. This view of the case renders it unnecessary to consider other assignments of error based upon other pleadings in the cause. The evidence being without conflict as to a want of consideration of the note, under this phase of the defense, the affirmative charge requested by the defendants was properly given. The judgment of the circuit court is affirmed.

## *Action on Promissory Note.*

