(77 South. 941)

ZADEK v. FORCHEIMER. (1 Div. 253.)

(Court of Appeals of Alabama. Jan. 15, 1918.)

1. PLEADING ⚖︎177 — REPLICATION AS CONFESSION OF PLEA.

In assumpsit on a collateral note wherein defendant's plea sufficiently set up a want of consideration, plaintiff by a special replication without filing a general replication or joinder of issues thereon, confessed the plea and relieved defendant from the burden of proving it.

2. PLEDGES ⚖︎58(4) — PLEADINGS — SPECIAL REPLICATION.

In such case, plaintiff was not entitled to a judgment unless he proved his special replication to the plea.

3. BILLS AND NOTES ⚖︎226 — COLLATERAL PROMISSORY NOTE—INDORSEMENT—CONSIDERATION.

Where the collateral security for a note ceased to be satisfactory to the holder before maturity and a volunteer indorsed it and neither she nor the maker received any benefit from her indorsement, and the plaintiff suffered no detriment and did not forego any right he had in the original contract, the indorsement was a nudum pactum.

4. BILLS AND NOTES ⚖︎246—"IRREGULAR INDORSER"—LIABILITY—CONSIDERATION.

Where the collateral security of a note became unsatisfactory before maturity, one indorsing it as additional security is termed an "irregular indorser" and assumes an obligation in the nature of a guaranty of the payment of a pre-existing debt.

[Ed. Note.—For other definitions, see Words and Phrases, Irregular Indorser.]

5. GUARANTY ⚖︎16(3)—CONSIDERATION.

Where an irregular indorser assumed an obligation in the nature of a guaranty of a pre-existing debt, a consideration to him as guarantor or to his principal, other than the debt, is essential to sustain the obligation.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Assumpsit by Louis Forcheimer against Elizabeth G. Zadek and J. M. Ponder. Judgment for plaintiff, and defendant Zadek appeals. Reversed and rendered.

The action was upon what is commonly called a collateral promissory note made by J. M. Ponder, and indorsed by Elizabeth Zadek. Before trial was entered into Ponder was stricken as a party defendant, and the case proceeded against the other defendant. Plea 1 is that defendant Zadek indorsed the note sued on after it had been fully executed, and had become a complete contract between plaintiff and J. M. Ponder, and that she indorsed same without any new or additional consideration received by her therefor. The other facts sufficiently appear.

Frederick G. Bromberg, of Mobile, for appellant. Herbert U. Feibelman and Francis J. Inge, both of Mobile, for appellee.

BROWN, P. J. The appellee in brief concedes that under appellant's plea 1 "the want of consideration was sufficiently set forth," but contends that "no proof in support thereof was submitted."

[1] Appellee by filing a special replication to this plea, without filing a general replication or joinder of issues thereon, confessed the plea and relieved the defendant of the burden of offering proof to sustain it. Alabama National Bank v. Halsey, 109 Ala. 196, 19 South. 522.

[2] Therefore the plaintiff was not entitled to a judgment unless he proved his special replication to this plea. Alabama National Bank v. Halsey, supra; Woodall & Sons v. People's National Bank of Leesburg, Va., 153 Ala. 576, 45 South. 194.

[3] So the question is, Has the plaintiff met this burden? The plaintiff's replication avers, "In answer to plea 1 the plaintiff says that at the time of the execution of said note on, to wit, June 13, 1915, and at the time the defendant, Elizabeth G. Zadek, indorsed it, it contained the stipulation that if from any cause whatever the securities pledged by the said J. M. Ponder, to wit, seven shares of City Bank & Trust Company stock, should cease to be satisfactory collateral to the owner of said note, to wit, plaintiff, the said J. M. Ponder agreed to deposit additional security from time to time as demanded. Plaintiff further says that before the maturity of said note the said collateral security ceased to be satisfactory collateral to the plaintiff, and he demanded additional security under and by virtue of said stipulation, and in compliance with said agreement the said J. M. Ponder offered the indorsement of the defendant, Elizabeth G. Zadek, which was accepted. Plaintiff further says that then and there the defendant, Elizabeth G. Zadek, indorsed the said note, and that said indorsement was in compliance with said agreement and for the original consideration of the note.

The appellant was not a party to the original transaction, and was under no obligation to offer any additional security, and there is not a scintilla of evidence in this record that she indorsed the note at the instance of Ponder, or that Ponder had anything to do with procuring her indorsement, as averred in the replication. For aught that appears here, she was a mere volunteer, and neither she nor Ponder derived any benefit from her indorsement, nor did the plaintiff suffer any detriment or forego any right he had under the original contract. This being true, the indorsement was a mere nudum pactum. Richardson v. Fields, 124 Ala. 535, 26 South. 981; Savage v. First National

Bank, 112 Ala. 508, 20 South. 398; Jackson v. Jackson, 7 Ala. 791; Watson v. Reynolds, 54 Ala. 191.

[4, 5] The appellant was what is termed an "irregular indorser," and the obligation she assumed was in the nature of a guaranty of the payment of a pre-existing debt. A consideration to her as guarantor, or to her principal other than the debt, was essential to sustain the obligation. Richardson v. Fields, supra; Savage v. First Nat. Bank, supra; 12 R. C. L. p. 1059, § 9, p. 1070, § 20.

The appellant, under this state of the pleadings and proof, was entitled to a judgment on her plea of no consideration, and the judgment of the trial court is reversed, and judgment here rendered in favor of the defendant.

Reversed and rendered.